IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EBUDDY TECHNOLOGIES B.V.,           §
                                    §
     Plaintiff,                    §
                                    §   C.A. No. 20-cv-1501-MN-CJB
v.                                  §
                                    §
LINKEDIN CORPORATION                §   JURY TRIAL DEMANDED
                                    §
     Defendant.                    §

## SCHEDULING ORDER

This  2nd  day of  May  , 2021, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on  April 26  , 2021, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.       **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference. Should counsel find it will be necessary to apply to the Court for an ESI order specifying terms and conditions for the discovery of ESI, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within fourteen (14) days from the date of this Order.

2.  **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **June 4, 2021**.

3.  **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within twenty-one (21) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.  **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.      **Courtesy Copies**. Other than with respect to "discovery matters," which are governed by Paragraph 8(g), and the final pretrial order, which is governed by Paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6.      **ADR Process**. Having discussed the ADR process during the Rule 16 scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

7.      **Disclosures**. Absent agreement among the parties, and approval of the Court:

a.      By **May 7, 2021**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b.      By **July 16, 2021**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), such as non-publicly available product literature and internal wiki documents, and to the extent such

3

workings are not disclosed in such literature and documents, the core technical documents sufficient to show may include source code. Defendant shall produce sales figures for the accused product(s).  The disclosure and use of information under this subsection will be subject to the protective order entered by this Court.

        c.      By **August 30, 2021**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

        d.      By **October 15, 2021**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

        e.      By **May 9, 2022**, Plaintiff shall provide final infringement contentions.

        f.      By **June 6, 2022**, Defendant shall provide final invalidity contentions.

8.      <ins>**Discovery**</ins>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        a.      <ins>Discovery Cut Off</ins>. All discovery in this case shall be initiated so that it will be completed on or before **July 7, 2022** and all expert discovery shall be completed on or before **November 18, 2022**.

        b.      <ins>Document Production</ins>. Document production shall be substantially complete by **December 17, 2021**.

        c.      <ins>Requests for Admission</ins>.  A maximum of 40 requests for admission are permitted for each side.

        d.      <ins>Interrogatories</ins>.

           i.      A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

           ii.      The Court encourages the parties to serve and respond to

contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      e.    <u>Depositions</u>.

          i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination, not including expert depositions, which shall be limited to seven (7) hours per expert per report.  For example, if an expert serves two separate reports (*e.g.*, one related to infringement and one related to invalidity), such expert could be deposed for up to seven (7) hours on each report.

          ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  Notwithstanding anything to the contrary herein, the parties will negotiate in good faith regarding the need for taking any particular deposition by remote means, if current health and safety conditions dictate that avenue at the time.

      f.    <u>Disclosure of Expert Testimony</u>.

          i.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 29, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **September 29, 2022**.  Reply expert reports

from the party with the initial burden of proof are due on or before **October 14, 2022**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.   <u>Expert Report Supplementation</u>. The parties agree they **will** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

        iii.   <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

        g.   <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

        i.   Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.   Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Burke:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.    The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Motion to Resolve Discovery Dispute."

iv.    The Court will thereafter set a discovery telephone conference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and

7

holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reasons for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments to the Clerk's Office within one hour of e-filing.

        v.     Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

        vi.    Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall submit a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel:
>
> Lead Counsel: _____

> The disputes requiring judicial attention
> are listed below:
>
> [provide here a non-argumentative list
> of disputes requiring judicial
> attention]

vii.     The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Joint Motion to Resolve Protective Order Dispute."

viii.    The Court will thereafter set a protective order dispute teleconference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, each party shall file with the Court a letter, not to exceed two (2) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission should include the party's proposal as to how the content of the disputed portion(s) of the protective order should read. Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, each party may file a letter, not to exceed two (2) pages, in no less than 12-point font, outlining that party's response to the opposing party's initial letter. Each party shall submit two (2) courtesy copies of its protective order dispute letter and any attachments to the Clerk's Office within one hour of e-filing.

ix.      Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9.     **Motions to Amend**.

a.     Any motion to amend (including a motion for leave to amend) a

pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

10.      **Motions to Strike**.

a.      Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.      **Tutorial Describing the Technology and Matters in Issue**. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which the

plaintiff's opening claim construction brief is due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the defendant's answering claim construction brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.   **Claim Construction Issue Identification**.   On **November 1, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court **November 16, 2021**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.   **Claim Construction Briefing**. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before **December 7, 2021**. Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before **January 7, 2022**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or

before **January 21, 2022**. Defendant shall serve, but not file, its sur- reply brief, not to exceed 10 pages, on or before **February 4, 2022**. No later than **February 9, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM 1]
1.      Plaintiff's Opening Position
2.      Defendant's Answering Position
3.      Plaintiff's Reply Position
4.      Defendant's Sur-Reply Position


B.      [TERM 2]
1.      Plaintiff's Opening Position
2.      Defendant's Answering Position
3.      Plaintiff's Reply Position
4.      Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a joint Appendix.

        14.    <u>**Hearing on Claim Construction**</u>.  Beginning at **11:00 a.m. on March 16, 2022**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which Defendant's sur-reply brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties

should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

15. **Interim Status Report**. On **February 21, 2022**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Supplementation**. Absent agreement among the parties, and approval of the Court, no later than forty-five (45) days after the Court enters a Claim Construction Order, plaintiff must finally supplement, *inter alia*, the identification of all accused products and defendant must finally supplement the identification of all invalidity references.

17. **Case Dispositive Motions.**

a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **December 1, 2022**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

b. Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record.  Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

c. <u>Page limits combined with Daubert motion page limits.</u>  Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs,

and 25 pages for all reply briefs for each *SIDE*.[1]

      18.  <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      19.  <u>Motions *in Limine.*</u>  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each *SIDE* shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      20.  <u>Pretrial Conference.</u>  On **June 5, 2023**, the Court will hold a pretrial conference in Court with counsel beginning at **4:30 p.m**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's

---

[1] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule

Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents.

21.     <u>Jury Instructions, Voir Dire, and Special Verdict Form</u>s. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

22.     <u>Trial.</u>  This matter is scheduled for  a seven (7)-day trial[2] beginning at **9:30 a.m. on June 12, 2023**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30  p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.     <u>Judgment on Verdict and Post-Trial Status Report.</u> Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-

---

[2] Although the Court is setting aside 7 days for this jury trial, the actual number of trial days will be determined closer to trial.

trial motions each party intends to file.

24. <u>Post-Trial Motions.</u> Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.


Christopher J. Burke
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) Due | 14 days after Scheduling Order |
| Counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court | 21 days after Scheduling Order |
| Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent. | **May 7, 2021** |
| All motions to join other parties, and to amend or supplement the pleadings | **June 4, 2021** |
| Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s) | **July 16, 2021** |
| Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes | **August 30, 2021** |
| Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references | **October 15, 2021** |
| The parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) | **November 1, 2021** |
| The parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court | **November 16, 2021** |
| Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages; tutorial also due | **December 7, 2021** |
| Tutorials Due | **December 7, 2021** |
| Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages | **January 7, 2022** |

| | |
|---|---|
| Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages | **January 21, 2022** |
| Defendant shall serve, but not file, its sur- reply brief, not to exceed 10 pages | **February 4, 2022** |
| The parties shall file a Joint Claim Construction Brief | **February 9, 2022** |
| The Court will hear argument on claim construction | **March 16, 2022** |
| Counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date | **February 21, 2022** |
| Document production shall be substantially complete by this date | **December 17, 2022** |
| Plaintiff shall provide final infringement contentions | **May 9, 2022** |
| Defendant shall provide final invalidity contentions | **June 6, 2022** |
| Plaintiff must finally supplement, *inter alia*, the identification of all accused products | no later than forty-five (45) days after the Court enters a Claim Construction Order |
| Defendant must finally supplement the identification of all invalidity references | no later than forty-five (45) days after the Court enters a Claim Construction Order |
| All discovery in this case shall be initiated so that it will be completed on or before | **July 7, 2022** |
| For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due | **July 29, 2022** |
| The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due | **September 29, 2022** |
| Reply expert reports from the party with the initial burden of proof are due | **October 14, 2022** |
| All expert discovery shall be completed on or before | **November 18, 2022** |
| All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed | **December 1, 2022** |

| The Court will hold a pretrial conference | **June 5, 2023** |
|---|---|
| This matter is scheduled for a seven (7)-day trial | **June 12, 2023** |
| The parties shall jointly submit a form of order to enter judgment on the verdict | Within seven (7) days after a jury returns a verdict |