IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EBUDDY TECHNOLOGIES B.V.,                §
                                         §
          Plaintiff,                     §
                                         §
                                         §   C.A. No. 20-cv-1501-MN-CJB
v.                                       §
                                         §
LINKEDIN CORPORATION                     §   JURY TRIAL DEMANDED
                                         §
          Defendant.                     §
                                         §

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

**FOR CONFIDENTIAL DISCOVERY MATERIAL**


**WHEREAS**, discovery in this action may involve the disclosure of certain documents, things and information that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c) by parties and non-parties;

**WHEREAS**, the parties to this litigation desire to establish a mechanism to protect information produced by parties and non-parties in this case from improper disclosure without unduly encroaching upon the public's right to be informed of judicial proceedings;

**IT IS HEREBY ORDERED** that:

1.   **DEFINITIONS**

     1.1   <u>Party</u>: any Party to this action, including all its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

     1.2   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

     1.3   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

1

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.4     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.5     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code."

1.6     <u>Designating Party</u>: a Party, person or entity designating documents or information as Protected Information under this Order.

1.7     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.8     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

1.9     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-house Counsel (as well as their support staff).

1.10    <u>Designated In-house Counsel</u>: In-house Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

1.11    <u>In-house Counsel</u>: attorneys who are employees of a party to this action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

1.12    <u>Outside Counsel of Record</u>: attorneys who reside in the U.S., are members of a bar of a U.S. state, who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.13    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an

expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.14    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15    "CONFIDENTIAL" Information or Items: includes all non-public information that the Designating Party reasonably believes should be protected from public disclosure because such information is proprietary to the Designating Party, e.g., a trade secret or other confidential research, development or commercial information.  CONFIDENTIAL information may include information produced by other persons that the producing or Designating Party is under an obligation to maintain in confidence.  The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed CONFIDENTIAL information.  Information originally designated as CONFIDENTIAL information shall not retain that status after any ruling by the Court denying such status to it.

1.16    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," that the Designating Party reasonably believes contains highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a substantial risk of significant competitive or commercial disadvantage to the Designating Party that could not be avoided by less restrictive means.

1.17    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer

code (*i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Nothing in this Order shall be deemed to prevent the Parties from introducing Confidential Information or Items into evidence at the trial of this case, or from using any information contained in Confidential Information or Items at the trial of this case, subject to any pretrial order issued by this Court.

3.    **DURATION AND TERMINATION**

3.1    This Order shall continue in effect after the termination of this action and continue to be binding upon all persons to whom Protected Material is disclosed hereunder.

3.2    Within sixty (60) days after this case is terminated (including all appeals), or such other time as the Designating Party may agree in writing, the Receiving Party shall use commercially reasonable efforts to either return or destroy all documents, objects and other materials produced as or designated as Protected Material, including all reproductions thereof, including but not limited to that given to experts and inside counsel.  Upon request from the Designating Party, Counsel responsible for the destruction shall certify to Counsel for the Designating Party that all such materials have been destroyed to the extent practicable.

3.3     Notwithstanding the provision of 3.2, Counsel shall not be required to delete information that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonable accessible.  However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.  Additionally, outside counsel for each Party may retain (a) copies of pleadings, filings, transcripts, expert reports and exhibits (but not documents/materials merely cited), affidavits, and correspondence containing material designated Protected Material, (b) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (c) one copy of pleadings or other papers filed with the Court or served in the course of litigation (and exhibits thereto), the depositions, the deposition exhibits and the trial record, so long as this Order will continue to govern any such retained materials.

**4.     DESIGNATING PROTECTED MATERIAL**

4.1     Exercise of Care in Designating Material for Protection. Each Designating Party that produces or discloses any material that it reasonably believes contains or comprises Protected Material shall so designate the same.  Such a designation is a representation that the Designating Party reasonably believes that the document contains Protected Material.  The parties will use reasonable care to avoid designating as Protected Material documents or information that is not protected material.

4.2     Method of Designating Static Image Files.  With respect to documents or copies containing, in  Protected Material produced as a static image, the Designating Party may mark the initial page and the page or pages on which Confidential

Information appears with the legend "CONFIDENTIAL" and the page or pages on which any Highly Confidential Information appears as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate or may mark each page with the legend(s) described above if such document comprises Protected Material.  If a party initially produces documents for inspection (e.g., because of the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which contains Confidential Information or Highly Confidential Information prior to such an inspection, counsel for the producing Party may in writing designate documents or things being produced for inspection as Confidential Information or Highly Confidential Information, thereby making them subject to this Order; however, copies of such documents thereafter provided must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced.  Tangible objects constituting or containing Confidential Information or Highly Confidential Information may be designated Confidential Information or Highly Confidential Information by affixing to the object or its container, a label or tag marked "Confidential- Subject to Protective Order" or "Highly Confidential- Attorneys Eyes Only- Subject to Protective Order" or "Highly Confidential- Source Code- Subject to Protective Order" as appropriate.

4.3    <u>Designating Native Files.</u>    With respect to documents containing Protected Material produced in Native Format, the Designating Party shall include the appropriate confidentiality designation in the filename.  Where it is impractical or impossible to include the appropriate confidentiality designation in the filename (e.g., due to size limitations of file names), the Designating Party may use other reasonable means to reasonably convey to the Receiving Party that document

containing Protected Material produced in Native Format comprises Protected Material.

4.4     With respect to all documents produced that contain Protected Material, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (e.g., "Confidential," "Highly Confidential-Attorneys Eyes Only" or "Highly Confidential- Source Code").

4.5     Designation and Counter-Designation of Third Party or other Party Files.   A Designating Party may designate, or counter designate with a higher designation, information or items produced by another Party or non-party that contains or is derived from the Designating Party's own Protected Material.   Designations or counter-designations are subject to the restrictions set forth in the Order.   Each Party that designates or counter designates such information or items will be treated as the Designating Party for purposes of this Order.

4.6     Correction of Inadvertent Failures to Designate.   A Party or person producing information in this litigation who, despite the exercise of due care, produces or provides Protected Material without designating it Protected Material as provided in this Order, may upon written notification to the Receiving Party or parties designate the document, thing, other discovery information, response or testimony as Protected Material in accordance with the provisions of this Order.   The Receiving Party or Parties shall treat such documents, things, information, responses and testimony as Protected Material from the date such notice is received in accordance with the provisions of this Order.   No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation.   Upon notice to the receiving Party of such failure to designate, the Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated material,

without prejudice.   Within five (5) days of providing written notice that a document or documents were not designated Protected Material under this provision, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation.   Upon receipt of such replacement copies, the receiving party shall immediately destroy any copies of the unmarked or incorrectly marked documents, things, information responses, or testimony; except that the Receiving Party shall not be obliged to destroy any mis-designated material that has become part of the record of this litigation.

4.7    Right to Seek Additional Protections.   This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

5.    **CHALLENGING PROTECTED MATERIAL DESIGNATIONS**

5.1    Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time.   A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to a Protected Material Designation is being made under the Protective Order. In the notice, the Challenging Party must explain the basis for its belief that the designation was not proper. The Designating Party must respond within 5 business days of receiving the notice to either modify the designation as requested or explain why it believes the chosen designation is appropriate.   A Challenging Party may proceed to the next stage of the challenge if the Designating Party fails

to respond within the time limits above or after the Designating Party has confirmed that it will maintain the challenge.

5.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Parties must follow the procedures for a discovery or protective order dispute as set forth in Paragraph 8(g) of the Scheduling Order (D.I. 33). The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.     **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

6.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 3 above.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

6.2.1   The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

6.2.2   No more than three officers, directors, or employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.2.3   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.2.4   The court and its personnel;

6.2.5   Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors, except copy vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.2.6   During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

6.2.7   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", "HIGHLY CONFIDENTIAL – SOURCE CODE"</u>.  Unless otherwise ordered by

the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to certain groups of individuals defined below.   Such material may be accessed by:

6.3.1   The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

6.3.2   Designated In-House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 6.4.1, below, have been followed;

6.3.3   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.4.2, below, have been followed;

6.3.4   The court and its personnel;

6.3.5   Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors, except copy vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

6.3.6   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated In-house Counsel or Experts.

6.4.1   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-house Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party on an item-by-item basis that (1) sets forth the full name of the Designated In-house Counsel and the city and state of his or her residence, and (2) describes the Designated In-house Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-house Counsel is involved, or may become involved, in any competitive decision-making. For the sake of clarity, Protected Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be disclosed to Designated In-House Counsel.

6.4.2   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 6.3.3 first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of

his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has testified, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If the Expert believes any of the information in subsection (5) is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement, and can opt to designate confidential aspects of the disclosure as Protected Material under this Protective Order. However, nothing herein shall require an Expert to disclose anything privileged, namely work performed as a consulting expert that has not been disclosed in another lawsuit.

6.4.2.1 A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated In-house Counsel or Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

6.4.2.2 A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within three days of the written objection.  If no agreement is reached, the Parties must follow the procedures for a discovery or protective order dispute as set forth in Paragraph 8(g) of the Scheduling Order (D.I. 33). Any such written communication or motion made to the Court under those procedures must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-house Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such written communication or motion made to the Court under the discovery dispute procedures must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-house Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (including under any safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-house Counsel or Expert.

6.5     Source Code

6.5.1   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code.

6.5.2   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and, may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 6.3 through 6.3.6.

6.5.3   Any source code produced in discovery shall be made available for inspection on a computer in a format and environment allowing it to be reasonably reviewed and searched—including at least the same format and environment as made available by the Producing Party to the Producing Party's experts and counsel—during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel of record or another mutually agreed upon location on ten (10) calendar days written (including email) notice for the first request and three (3) business days' written (including email) notice for subsequent requests.

6.5.4   During any source code review session, the Receiving Party may print portions of source code as PDF files to be saved in a designated folder created by the Producing Party on the Source Code Computer.   The Producing Party shall produce a single, text-searchable, password-protected PDF file containing the PDF files in the designated folder for each source code review session.   Each page of the PDF file shall bear the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" and Bates

numbering. Within three (3) business days the PDF file will be produced in encrypted form on secure media as agreed between the Parties.

6.5.5  The Receiving Party shall be permitted to make no more than three (3) additional electronic or hard copies of any Source Code PDF files produced pursuant to 6.5.4.  Each of these additional copies shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the Receiving Party shall maintain a log of all such copies, which it must produce to the Producing Party upon request.  No other copies of source code shall be made unless otherwise allowed herein;

6.5.6  Any Receiving Party's outside counsel or Experts who obtain source code material pursuant to the provisions herein, shall be responsible for the security of said material and ensure that it is always maintained on encrypted, password protected electronic media.

6.5.7  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 5 above, whereby the Producing Party is the "Designating Party," and Receiving Party is the "Challenging Party" for purposes of dispute resolution.

6.5.8  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain derivative materials created using source code, such as any notes of an Expert, in a secured, locked area except for purposes of transporting any derivative materials.  The Receiving Party shall only make additional electronic or paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any

16

paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

7.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

7.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

7.1.1     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

7.1.2     Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

7.1.3     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

7.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall, to the extent possible and without violating any applicable rules (*e.g.*, Federal Rules of Civil Procedure, applicable state court rules, or rules of a particular court), not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

8.1   The terms of this Order may be applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" at the Non-Party's discretion.   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's protected material, then the Party shall:

8.2.1   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

8.2.2   Promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

8.2.3   Make the information requested available for inspection by the Non-Party.

8.2.4   In no event, however, will the procedures set forth in ¶¶8.2.1- 8.2.3 extend or otherwise modify the deadline (including any deadline set forth in the Federal Rules of Civil Procedure or any rules or orders of this Court) for any Party to respond to such valid discovery request.

8.3    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed or made available Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    **INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS-CLAWBACK**

10.1    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any attorney-client privileged or work product protected documents or data ("Inadvertently Produced Privileged Material") is not a waiver in the pending case or in any other federal or state proceeding.  A Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document shall promptly notify any and all Receiving Parties that received the documents and provide sufficient information to the Receiving Party regarding the asserted

privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.   Alternatively, if a Receiving Party discovers a document that it believes to be an Inadvertently Produced Privileged Document, the Receiving Party may promptly notify the Designating Party of what it believes to be the Inadvertently Produced Privileged Document (no Receiving Party will be found in violation of this Order for failing to identify an Inadvertently Produced Privileged Document).   After being notified of an Inadvertently Produced Document, any Receiving Party must not use or disclose the Inadvertently Produced Privileged Document in any way until the claim is resolved and must take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of or discovering the inadvertent production.   In addition, , within (5) days of discovering or being notified, any Receiving Party must return, or destroy the specified document and any copies. The Designating Party must retain a copy of the document until the resolution or termination of this Case.   A Party may move the Court for an order compelling production of the document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.   The Party asserting the privilege shall file its opposition under seal and submit a copy of the document in question for *in camera* review.

10.2   Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

10.3   This Order is not intended to impose on a party a waiver of its right to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a party to produce documents without review.

**11.**    **FILING UNDER SEAL**

11.1    All documents and materials containing Protected Material as defined by this Order that are filed with the Court shall be filed under seal pursuant to procedures in Paragraph 4 of the Scheduling Order (D.I. 33).

**12.**    **USE AND CONTROL OF PROTECTED MATERIAL**

12.1    All information as Protected Material to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business or competitive purposes or used in any other legal proceeding, except as permitted by a court order, or as agreed by the parties.  It shall be the duty of each Party and each individual having notice of this Order to comply with this Order from the time of such notice.  At any time, a Party may move the Court to modify this or any other provision of this Order upon a showing of good cause.

12.2    The restrictions and obligations set forth herein relating to information designated as Protected Material, shall not apply to any information which:

12.2.1  is already public knowledge or was improperly designated by the Designating Party because it does not satisfy the definition of Protected Material set forth in this Order;

12.2.2  has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Order;

12.2.3  Has come or shall come into a Receiving Party's legitimate possession independently of the Designating Party; or

12.2.4  Has been independently developed by or for the Party without use of, or reference to, the other Party's Protected Material, which shall remain Protected.

12.3    Nothing contained in this Order shall be construed to limit any Receiving Party's rights to use in briefs or at trial or in any proceeding in this litigation, Protected Material of a Designating Party, subject to the provisions in Section 6 above.  Nor shall this Order prevent counsel from examining a witness to determine whether he or she has knowledge of the subject matter comprising Protected Material, so long as such examination shall be in a manner that does not disclose the details of the Protected Material.

**13.    SECURITY AND DATA BREACH**

13.1    Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 13.2 below.

13.2    Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction. Such measures shall include:

13.2.1    Reasonably preventing unauthorized persons from gaining access to Protected Material.  In the case of Protected Material maintained in electronic format this may include storing the data in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those entitled to access Protected Material under this Order (physical access control);

13.2.2    Reasonably ensuring that any Protected Material downloaded from a litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptop, tablet, smartphone, thumb drive, portable thumb drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order.  If the user

is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level.

13.2.3   Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization;

13.2.4   Reasonably ensuring that the Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

13.2.5   Reasonably ensuring that the Protected Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

13.3   If the Receiving Party discovers a breach of security relating to the Protected Material of another Party, the Receiving Party shall:

13.3.1   Provide written notice to the Designating Party of such breach no later than (24) hours after the Receiving Party's discovery of the breach;

13.3.2   Investigate and remediate the effects of the breach, and provide Designating Party with assurance reasonably satisfactory to the Designating Party that such breach shall not recur; and

13.3.3   Provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.  If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice to contest such request,

requirement or order through legal means.  The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

13.4 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed the Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must as soon as is practicable:

13.4.1 Notify in writing the Designating Party of the unauthorized disclosure;

13.4.2 Use its best efforts to retrieve all copies of the Protected Materials; and

13.4.3 Inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute the "Acknowledgment and Agreement to Be Bound" form annexed hereto as Exhibit A.

## 14. <u>DEPOSITIONS</u>

14.1 All deposition testimony shall be treated as containing Highly Confidential Information and subject to this Order until a time (30) calendar days following receipt of the certified transcript by counsel for the Plaintiffs and Defendants and, in the event of a third-party witness, counsel for the third party.  In the event that any Party wishes testimony or information disclosed at a deposition to be treated as Protected Material thereafter, that Party shall designate such testimony or information as Protected Material by either notifying the other Party in writing, within thirty (30) calendar days following receipt of the certified transcript, or designating during the deposition the transcript or portions thereof as Protected Material, and specifying whether the information is to be treated as

"Confidential," "Highly Confidential- Attorneys Eyes Only," or "Highly Confidential- Source Code." Documents and things already designated as Protected Material which are used as exhibits shall remain as such.  If during a Court proceeding Protected Material is likely to be revealed, any Party may request that the proceeding be held *in camera,* consistent with the Local Rules. Any party may designate the deposition testimony of any third party as confidential and the provisions of this Section may be invoked.

14.2   In the event that a Party seeks to question a witness at a deposition about Protected Material that the witness is not otherwise authorized to access under this Order, the Party who wishes to disclose the Protected Material must first seek permission to do so from the Designating Party.  Such permission shall not be reasonably denied.  However, if permission is denied, the party seeking to disclose the Protected Material may present an application to the Court for leave to disclose such information to the witness at issue.  In making such an application, the burden shall be on the requesting party to demonstrate good cause for making the disclosure.

14.3   If counsel believes that any question or questions that will be put to a witness at deposition in this action will disclose material designated Protected Material, or if material designated Protected Material will be used as an exhibit at such a deposition, counsel shall, advise opposing counsel of same in the course of the deposition, and the deposition (or protected portions thereof), shall be conducted in the presence of persons entitled under the terms of this Order to access the Protected Material at issue.  Failure of counsel to provide the notification set forth in this ¶ 14.3 shall not constitute a breach or violation of this Order

## 15.   NO WAIVER OF RIGHT TO APPROPRIATELY WITHHOLD OR REDACT

15.1   Notwithstanding the provisions of this Order, Parties may redact from any document, whether designated Protected Material or not, any information

containing privileged material, or any other data protected from disclosure by State, Federal or foreign regulations.

**16.   <u>PROSECUTION BAR</u>**

16.1     Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" material or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material containing technical information regarding the design or operation of a Producing Party's current or future products (together, "Prosecution Bar Material") shall not be involved in the prosecution of patents or patent applications relating to 1) multi-network contact list aggregation systems and methods; (2) event notification systems or methods; or (3) the patents asserted in this case and any patent or application claiming priority or otherwise related to the patents asserted in this case, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").   For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims in original prosecution or reissue proceedings.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent in any contested proceeding before a domestic or foreign agency (including, but not limited to, a reissue protest, interference, post grant review, ex parte, or inter partes reexamination or review), provided that any individual who reviews or otherwise gains knowledge of Prosecution Bar Material shall not be involved, either directly or indirectly, in amending claims. This Prosecution Bar shall begin when the affected individual first reviews or otherwise gains knowledge of Prosecution Bar Material and shall end two (2) years after final termination of this action.

17. **AMENDMENT**

17.1    This Order may be amended with respect to (a) specific documents or items of Protected Material or (b) persons to whom Protected Material may be disclosed, by Court order.  This Order shall remain in force and effect indefinitely until modified, superseded or terminated by order of this Court or by its terms.

18. **MISCELLANEOUS**

18.1    Nothing herein shall prevent any Party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Orders.

18.2    Nothing contained in this Order shall be construed to restrain a Party or third party from using or disclosing its own Protected Material as it deems appropriate. Nothing in this Order shall be construed to require production of any Protected Material deemed by counsel for the Party or third party possessing such material to be privileged or otherwise immune from discovery.  This shall not preclude any Party from moving the Court for an order compelling production or disclosure of such material.

18.3    All notices required by any Sections of this Order are to be made by e-mail to counsel representing the noticed Party.  The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  For any notice required under this Order, notice received after close of business shall be deemed received on the following business day.

18.4    Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the Litigation and, in the course thereof, relying in a general way upon his or her examination of the Protected Material produced or exchanged in the Litigation; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any Protected

Material, the attorney shall not disclose the contents of Protected Material produced by any other Party or non-party.

18.5    The headings herein are provided only for the convenience of the parties and are not intended to define or limit the scope of the express terms of this Order.

18.6    In addition to the protections of Rule 26(b)(4), notes, memoranda, drafts, and other writings of an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions. Similarly, oral and written communications with an expert shall not be discoverable, except to the extent that the expert relies upon them for his or her opinions.  For purposes of this paragraph, such materials exempt from discovery shall be considered attorney work product.

18.7    Other Proceedings.  By entering this Order and limiting the disclosure of information in this litigation, this court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this Order who in another proceeding becomes subject to a motion to disclose another party's information designated Confidential or Attorneys Eyes Only pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 7, 2021

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff eBuddy Technologies, B.V.*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendant LinkedIn Corporation*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the _____ on _____ in the case

of _____ **[insert formal name of the case and the number and initials assigned

to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

_____ for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

30