IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EBUDDY TECHNOLOGIES B.V., § § Plaintiff, § § § C.A. No. 20-cv-1501-MN-CJB v. § § § LINKEDIN CORPORATION § JURY TRIAL DEMANDED § Defendant. § | |

**PLAINTIFF'S LETTER BRIEF IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO STAY**


Dated: September 17, 2021

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Stephen F. Schlather (admitted *pro hac vice*)
Edmonds & Schlather PLLC
2501 Saltus Street
Houston, Texas 77003
Phone: (713) 364-2371
Fax: (713) 224-6651
sschlather@ip-lit.com

Dear Judge Burke:

This case should continue to proceed under the Court's normal schedule. LinkedIn's renewed motion to stay (D.I. 56) is premised on the erroneous assumption that it will prevail on its pending motion to dismiss under § 101 and that the balance of stay-related factors (*i.e.*, simplification, status of the case and undue prejudice) (*see* Exhibit 1 at 27:17-20) have shifted to LinkedIn's favor. However, in view of the present status of this case, these factors have shifted further against a stay.

With regard to simplification, the Court has already determined that this factor weighs against a stay. *See* Exhibit 1 at 34:19-20. LinkedIn does not dispute that this factor continues to weigh against a stay.

LinkedIn now argues that the status of the case and undue prejudice weigh sufficiently in its favor that the Court must stay this case a mere four weeks before hearing oral argument on LinkedIn's underlying § 101 motion. *See* D.I. 57. However, nothing in LinkedIn's letter changes the Court's original analysis such that a stay would now be appropriate. LinkedIn's renewed request should be denied.

First, the status or stage of the case weighs against a stay. The parties have now served their Rule 26 initial disclosures, eBuddy has served its initial infringement contentions and the parties have both served and responded to discovery requests. Courts in this District have often, and appropriately, allowed cases to proceed through the "initial disclosures" phase, even while a § 101 motion is pending. *See* D.I. 27 at 3 (citing the *Toshiba* and *Liqwd* cases). Additionally, the Court has now set a hearing on LinkedIn's motion for October 15. Finally, as the Court held – "obviously the later the case goes the more work and time and effort the Court and the parties put into litigating it, the less and less a stay tends to make sense for reasons I have described in lots of different opinions." Exhibit 1 at 28:1-5. The Court and the parties have continued to put work, time and effort into this case over the last four months. Accordingly, a stay makes less and less sense.

Second, and contrary to LinkedIn's assertions, a stay now would prejudice eBuddy and provide LinkedIn with a tactical advantage. eBuddy has served its initial infringement contentions in compliance with the Court's Scheduling Order (which was agreed by the parties). A stay would give LinkedIn at least several additional weeks to strategize its initial invalidity contentions, and it would deprive eBuddy of the same amount of time for evaluating and preparing to address them. In addition to providing LinkedIn with a unilateral extension to serve its invalidity contentions, a stay would require subsequent dates in the current scheduling order to be moved, including the dates relating to claim construction (which follow closely behind the deadline for LinkedIn's invalidity contentions). Additionally, discovery is on-going; a stay would also interrupt that process.

In its original decision rejecting LinkedIn's motion to stay, the Court found that while the stage of the case and prejudice factors weighed slightly in favor of a stay, the simplification factor weighed sufficiently against a stay for the Court to deny LinkedIn's motion. Because the simplification issue still weighs in favor of a stay and other factors also now weighs against (or even less in favor of) a stay, the Court should once again deny LinkedIn's request to stay this case.

                                              Respectfully submitted,

                                              /s/ Michael J. Farnan

                                              Michael J. Farnan

cc: Counsel of Record (Via E-Filing)