IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| eBUDDY TECHNOLOGIES B.V.,<br><br>Plaintiff;<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Civil Action No. 20-1501-RGA |

MEMORANDUM ORDER

Before me are Defendant's objections (D.I. 74) to the Magistrate Judge's Report and Recommendation. (D.I. 69). I have considered the parties' briefing. (D.I. 74, 78). For the following reasons, Defendant's objections are OVERRULED.

Plaintiff eBuddy sued Defendant LinkedIn for infringement of four patents. (D.I. 14). LinkedIn moved to dismiss on the basis that all four patents claimed patent-ineligible subject matter. (D.I. 17). The Magistrate Judge issued a Report recommending that I deny LinkedIn's motion. (D.I. 69 at 22). LinkedIn objects as to two of the patents, U.S. Patent Nos. 8,510,395 and 9,584,453 ("the Contact List Patents"). (D.I. 74 at 1). The standard of review is *de novo*. FED. R. CIV. P. 72(b)(3).

The Magistrate Judge found that the Contact List Patents were directed to the abstract idea of "aggregating contact lists" at *Alice* step one. (D.I. 69 at 13). At *Alice* step two, the Magistrate Judge found that the First Amended Complaint pled facts that created a factual

1

dispute regarding whether the claims described a nonconventional arrangement of known technologies. (*Id.* at 14–18).

LinkedIn advances two arguments in objection. First, LinkedIn argues that the Report "improperly relied on an alleged technological innovation—remote storage of contacts on a 'high level network,' as opposed to a user's personal computer—that is not included in any of the claims or described anywhere in the specifications of the Contact List Patents." (D.I. 74 at 1). Second, LinkedIn argues that even if the claims require remote storage, remote storage is not a technological innovation at *Alice* step two. (*Id.* at 1–2).

LinkedIn's first argument is unpersuasive. LinkedIn views claim 7 of the '395 patent as representative of the Contact List Patents. (D.I. 18 at 3). I will therefore focus my analysis on claim 7. Claim 7 does not explicitly state that "remote storage" or "storage at the web server" is required. Claim construction has not happened yet. eBuddy argues that claim 7 necessarily involves remote storage. (D.I. 78 at 2). In the joint claim construction chart, eBuddy has proposed that the construction of "high level network" in claim 7 requires that the "network stores an aggregated contact list in a non-local storage location." (D.I. 70 at 3–4). At this stage, I will accept eBuddy's proposed construction solely for the purposes of evaluating this motion. *See Content Extraction & Transmission LLC v. Wells Fargo Bank Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (affirming denial of motion to dismiss after the district court "assum[ed] that all of [plaintiff's] claims required a machine, even though several claims do not expressly recite any hardware structures"). Assuming eBuddy's proposed construction, remote storage is adequately "captured in the claims." *Berkheimer v. HP Inc.*, 881 F. 3d 1360, 1369 (Fed. Cir. 2018).

LinkedIn further argues, "the specifications do not discuss [remote storage of the aggregated contact list] as an alleged improvement in the field." (D.I. 74 at 5). The Federal Circuit has held, "As long as what makes the claims inventive is recited by the claims, the specification need not expressly list all the reasons why this claimed structure is unconventional." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019). eBuddy has "made specific, plausible factual allegations about why aspects of its claimed inventions were not conventional." *Id.* at 1317–18. I see no error in the Magistrate Judge's reliance on these allegations.

LinkedIn's second argument is also unavailing. LinkedIn argues that the claimed components "are expressly described as being 'known' and conventional." (D.I. 74 at 1–2). At *Alice* step two, I also consider the "ordered combination" of the claimed elements. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). "[A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016). The First Amended Complaint describes in detail the state of the prior art and alleges that the aggregation and remote storage of contact lists was unconventional. (D.I. 14 ¶¶ 33–51, 75–80). At the pleading stage, I accept such well-pled facts as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Thus, eBuddy has sufficiently pled an inventive concept at *Alice* step two.

For the foregoing reasons, I will **ADOPT** the Report and Recommendation. (D.I. 69). Defendant's objections (D.I. 74) are **OVERRULED** and Defendant's motion to dismiss for

failure to state a claim (D.I. 17) is **DENIED**.

IT IS SO ORDERED this 11th day of March, 2022.

_____
United States District Judge