IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EBUDDY TECHNOLOGIES B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1501 (RGA) (CJB) |
| | ) | |
| LINKEDIN CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## DEFENDANT LINKEDIN CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant, LinkedIn Corporation (hereinafter, "LinkedIn" or "Defendant"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff eBuddy Technologies B.V.'s ("EBT" or "Plaintiff") First Amended Complaint ("FAC").

## PARTIES

1.     LinkedIn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.     Admitted.

## NATURE OF THE ACTION

3.     LinkedIn admits that the FAC purports to state a cause of action for patent infringement.  LinkedIn denies it has infringed the Patents-in-Suit and any remaining allegations in Paragraph 3.

4.     Denied.

5.     Denied.

6.     To the extent this allegation requires a response, LinkedIn denies that Plaintiff is entitled to any damages or other relief from LinkedIn.

## JURISDICTION AND VENUE

7.       LinkedIn admits that the FAC purports to state a cause of action arising under Title 35 of the United States Code.  LinkedIn denies it has infringed the Patents-in-Suit and any remaining allegations in Paragraph 7.  LinkedIn admits that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331 and 1338(a).

8.       Paragraph 8 states legal conclusions to which no response is required. LinkedIn does not contest that personal jurisdiction exists over LinkedIn for purposes of this action only.  LinkedIn denies any remaining allegations in Paragraph 8.

9.       Paragraph 9 states legal conclusions to which no response is required. LinkedIn does not contest that venue is proper in this District for purposes of this action only (though venue is more convenient in the Northern District of California).  LinkedIn denies that it has infringed the Patents-in-Suit and any remaining allegations in Paragraph 9.

## THE PATENTS-IN-SUIT

10.      LinkedIn is without knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies the allegation, that EBT is the owner of all right, title, and interest in the Patents-in-Suit, including the right to sue for past, present, and future infringement thereof and to collect damages for any such past, present, or future infringement. LinkedIn denies all remaining allegations in Paragraph 10.

**A.      Allegations That The Claims Of The '395, '453, '135, And '179 Patents Are Directed To Patentable Subject Matter**

11.      Denied.

**B.**     <u>**The '395 And '453 Patents**</u>

   *1.*     *Overview of the '395 and '453 Patents*

   12.     LinkedIn admits that the face of the '395 Patent states what it states. LinkedIn denies all remaining allegations in Paragraph 12.

   13.     LinkedIn admits that the face of the '453 Patent states what it states. LinkedIn denies all remaining allegations in Paragraph 13.

   14.     LinkedIn admits that the '453 Patent purports to be a continuation of the application for the '395 Patent and that the two patents purport to share a common specification. LinkedIn denies any remaining allegations in Paragraph 14.

   a.     <u>*Overview of Prosecution of the '395 and '453 Patents*</u>

   15.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 15.

   16.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 16.

   17.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 17.

   18.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 18.

   19.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 19.

   20.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 20.

   21.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 21.

22.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 22.

23.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 23.

24.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 24.

25.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 25.

26.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 26.

27.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 27.

28.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 28.

29.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 29.

30.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 30.

31.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 31.

32.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 32.

b.    *Overview of the Allegedly Unconventional '395 and '453 Patented Inventions and the Conventional Technology at the Time*

33.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 33.

34.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 34.

35.    LinkedIn contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 35.

36.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 36.

37.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 37.

38.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 38.

39.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 39.

40.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 40.

41.     LinkedIn contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 41.

42.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 42.

43.     LinkedIn contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 43.

44.     LinkedIn contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 44.

45.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 45.

46.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 46.

47.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 47.

48.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 48.

49.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 49.

50.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 50.

51.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 51.

52.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 52.

53.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 53.

54.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 54.

55.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 55.

2.      *Allegations That The '395 and '453 Patents are not Directed to an Abstract Idea*

56.      LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 56.

57.      LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 57.

58.      LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 58.

59.      LinkedIn contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 59.

60.      LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 60.

61.      LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 61.

62.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 62.

63.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 63.

64.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 64.

65.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 65.

a.    *Allegations That The '395 and '453 Claims are Directed to Innovative Computer- and Network-Based Systems and Methods*

66.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 66.

67. LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 67.

68. LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 68.

69. LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 69.

70. LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 70.

71. LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 71.

72. LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 72.

      b.    *Allegations That The '395 and '453 Claimed Inventions Could not be*
          *Done Manually or in One's Head*

73.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 73.

74.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 74.

    *3.*    **Allegations That The '395 and '453 Claimed Inventions Provide Innovative,**
       **Unconventional Concepts and Technological Solutions**

      a.    *Allegations That The '395 and '453 Claimed Inventions Provide*
          *Technological Solutions to Technological Problems*

75.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 75.

76.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 76.

77.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 77.

        b.     *Allegations That The '395 and '453 Claimed Inventions Provide Unconventional Solutions*

78.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 78.

79.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 79.

80.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 80.

81.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 81.

82.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 82.

        c.      *Allegations That The '395 and '453 Claimed Inventions Provide Substantial*
               *Benefits.*

       83.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 83.

       84.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 84.

        d.      *Allegations That The '395 and '453 Claimed Inventions Provide Inventive*
               *Solutions*

       85.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 85.

       86.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 86.

       87.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 87.

88.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 88.

89.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 89.

C.     **The '135 and '179 Patents**

1.     *Overview of the '135 and '179 Patents*

90.     LinkedIn admits that the face of the '135 Patent states what it states. LinkedIn denies all remaining allegations in Paragraph 90.

91.     LinkedIn admits that the '179 Patent purports to be a continuation of the application for the '135 Patent and that the two patents purport to share a common specification. LinkedIn denies any remaining allegations in Paragraph 91.

92.     LinkedIn admits that the '453 Patent purports to be a continuation of the application for the '395 Patent and that the two patents purport to share a common specification. LinkedIn denies any remaining allegations in Paragraph 92.

a.     *Overview of Prosecution of the '135 and '179 Patents*

93.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 93.

94.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 94.

95.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 95.

96.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 96.

97.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 97.

98.     LinkedIn admits that the prosecution histories of the Patents-in-Suit state what they state.  LinkedIn denies any remaining allegations in Paragraph 98.

b.     *Overview of the Allegedly Unconventional '135 and '179 Patented Inventions and the Conventional Technology at the Time*

99.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 99.

100.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 100.

101.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.  LinkedIn denies all remaining allegations in Paragraph 101.

102.     LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 102.

103.     LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 103.

104.     LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 104.

105.     LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 105.

106.     LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 106.

107.     LinkedIn admits that the Patents-in-Suit state what they state. LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 107.

108.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 108.

109.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 109.

110.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 110.

111.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 111.

112.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 112.

113.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 113.

114.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 114.

115.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 115.

116.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 116.

117.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 117.

118.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 118.

119.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 119.

120.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 120.

121.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 121.

122.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 122.

123.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 123.

124.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 124.

125.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 125.

126.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 126.

127.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 127.

128.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 128.

129.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 129.

130.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 130.

### 2.    *Allegations That The '135 and '179 Claims are not Directed to an Abstract Idea*

131.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 131.

132.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 132.

133.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 133.

134.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 134.

a.     *Allegations That The '135 and '179 Claims are Directed to Innovative Computer- and Network-Based Systems and Methods*

135.   LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 135.

136.   LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 136.

137.   LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 137.

138.   LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 138.

139.   LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 139.

140.   LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 140.

> b.  *Allegations That The '135 and '179 Claimed Inventions Could not be*
> *Done Manually or in One's Head*

141.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 141.

### 3.  *Allegations That The '135 and '179 Claimed Inventions Provide Innovative, Unconventional Concepts and Technological Solutions*

> a.  *Allegations That The '135 Claimed Inventions Provide Technological*
> *Solutions To Technological Problems*

142.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 142.

143.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 143.

> b.  *Allegations That The '135 and '179 Claimed Inventions Provide*
> *Unconventional Solutions.*

144.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn

further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit.

LinkedIn denies all remaining allegations in Paragraph 144.

145.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 145.

146.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 146.

     c.    *Allegations That The '135 and '179 Claimed Inventions Provide Substantial Benefits*

147.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 147.

148.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 148.

149.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 149.

150.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 150.

        d.    *Allegations That The '135 and '179 Claimed Inventions Provide Inventive Solutions*

151.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 151.

152.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 152.

153.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 153.

154.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 154.

155.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 155.

156.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 156.

157.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 157.

158.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 158.

159.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 159.

**D.     Allegations That The Claims of the Patents-in-Suit do not Unreasonably Preempt their Respective Fields**

160.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 160.

161.     LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-

known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 161.

162.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 162.

163.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn further contends that what is described and claimed in the Patents-in-Suit was abstract, well-known, conventional, and disclosed in the prior art before the priority dates of the Patents-in-Suit. LinkedIn denies all remaining allegations in Paragraph 163.

## COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,510,395

164.    LinkedIn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies them.

165.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn denies all remaining allegations in Paragraph 165.

166.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn denies all remaining allegations in Paragraph 166.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

## COUNT II – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,453

189.    LinkedIn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies them.

190.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn denies all remaining allegations in Paragraph 190.

191.    Denied.

192.    Denied.

29

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

## COUNT III – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,230,135

210.    LinkedIn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and therefore denies them.

211.    LinkedIn admits that the Patents-in-Suit state what they state.  LinkedIn denies all remaining allegations in Paragraph 211.

212.    Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

## COUNT IV – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,402,179

223.   LinkedIn is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and therefore denies them.

224.   LinkedIn admits that the Patents-in-Suit state what they state.   LinkedIn denies all remaining allegations in Paragraph 224.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

## ALLEGED DAMAGES

237.    Denied.

238.    Denied.

239.    Denied.

## DEMAND FOR JURY TRIAL

240.    Plaintiff's demand for a trial by jury in Paragraph 240 of the FAC does not require a response.

## PRAYER FOR RELIEF

Paragraphs A-F on pages 151 of the FAC set forth Plaintiff's prayer for relief to which no response is required.

LinkedIn denies that Plaintiff is entitled to any relief whatsoever as prayed or otherwise.

LinkedIn denies each and every allegation of the FAC not already admitted or denied and further denies that Plaintiff is entitled to any relief whatsoever from LinkedIn on the basis of any of the purported claims for relief contained in the FAC.

## AFFIRMATIVE DEFENSES

LinkedIn alleges and asserts the following defenses in response to the allegations in the FAC, undertaking the burden of proof only as to those defenses deemed "affirmative" by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE
### (Non-Infringement)

LinkedIn has not infringed and does not infringe, either literally or under the doctrine of equivalents, any purportedly valid claim of the Patents-in-Suit.

## SECOND DEFENSE
### (Invalidity)

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more requirements of Title 35, United States Code, including without limitation the provisions of 35 U.S.C. §§ 101, 102, 103, 112, and 132, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE
### (Prosecution History Estoppel)

Upon information and belief, by reason of prior art and the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patents-in-Suit, including, without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Plaintiff is estopped from asserting that the Patents-in-Suit cover and include any LinkedIn products or services alleged to infringe the Patents-in-Suit.

## FOURTH DEFENSE
### (Waiver, Estoppel, and Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or acquiescence, and/or other equitable doctrines.  For example, Plaintiff and/or its predecessors-in-interest knew or reasonably should have known about the alleged infringement by the accused products and have unreasonably delayed suit against LinkedIn.

## FIFTH DEFENSE
### (Limitation on Damages)

Plaintiff's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

## SIXTH DEFENSE
### (Limitation on Damages)

Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of LinkedIn's alleged infringing acts occurring more than six years before the filing of the FAC.

## SEVENTH DEFENSE
### (Action Including an Invalid Claim and Limitation on Recovery of Costs)

Plaintiff's prayer for costs is barred, in whole or in part, by Plaintiff's failure to disclaim any invalid claims under 35 U.S.C. § 288.

## EIGHTH DEFENSE
### (Absence of Damages)

Plaintiff has not suffered and will not suffer any injury or damages by way of the acts and conduct of LinkedIn as alleged in the FAC.

## OTHER AFFIRMATIVE DEFENSES

LinkedIn's investigation of the claims and its defenses is continuing.  In addition to the defenses set forth herein, LinkedIn expressly reserves the right to amend its Answer to allege and assert any additional defenses and counterclaims or to supplement its existing defenses under Rule 8 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, LinkedIn denies that Plaintiff is entitled to any relief, including the relief requested in its Prayer for Relief, LinkedIn respectfully requests that the Court enter a judgment against Plaintiff and in favor of LinkedIn as follows:

A.      That Plaintiff take nothing and be denied any relief whatsoever;

B.      That the FAC be dismissed on the merits and with prejudice;

C.      That the claims Patents-in-Suit be declared to be not infringed by LinkedIn;

D.     That the asserted claims of the Patents-in-Suit be declared to be invalid and/or unenforceable;

E.     That LinkedIn be awarded its costs incurred in connection with this action;

F.     That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that LinkedIn be awarded reasonable attorneys' fees; and

G.     That LinkedIn be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

LinkedIn demands a trial by jury as to all claims and issues properly triable thereby.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:

Christopher Kao
Brock S. Weber
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
(415) 983-1000

April 8, 2022

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Defendant*

35

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 8, 2022, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Steve Schlather, Esquire                                    *VIA ELECTRONIC MAIL*
John J. Edmonds, Esquire
EDMONDS & SCHLATHER PLLC
2501 Saltus Street
Houston, TX  77003
*Attorneys for Plaintiff*


                                        */s/ Rodger D. Smith II*
                                        _____
                                        Rodger D. Smith II (#3778)