IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EBUDDY TECHNOLOGIES B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1501 (RGA) (CJB) |
| | ) | |
| LINKEDIN CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant will serve the subpoena attached hereto as Exhibit 1 on GOOGLE LLC.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:

Christopher Kao
Brock S. Weber
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111-5998
(415) 983-1000

Faye Paul Teller
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
(213) 683-9100

April 27, 2022

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 27, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire | *VIA ELECTRONIC MAIL* |
| Michael J. Farnan, Esquire | |
| FARNAN LLP | |
| 919 North Market Street, 12th Floor | |
| Wilmington, DE  19801 | |
| *Attorneys for Plaintiff* | |
| | |
| Steve Schlather, Esquire | *VIA ELECTRONIC MAIL* |
| John J. Edmonds, Esquire | |
| EDMONDS & SCHLATHER PLLC | |
| 2501 Saltus Street | |
| Houston, TX  77003 | |
| *Attorneys for Plaintiff* | |

/s/ *Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | | |
|---|---|---|
| EBUDDY TECHNOLOGIES B.V., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:20-cv-01501-RGA-CJB |
| | ) | |
| LINKEDIN CORPORATION, | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       Custodian of Records, GOOGLE LLC

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road, Menlo Park, CA | Date and Time:<br>05/23/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:    video and stenographically

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Appendix A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/22/2022

CLERK OF COURT

                       OR

_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Defendant
LINKEDIN CORPORATION
, who issues or requests this subpoena, are:
Alyssa Caridis, Orrick, Herrington & Sutcliffe LLP, 777 S. Figueroa St., Ste 3200, Los Angeles, CA 90017,
Tel: 213-629-2020; Evan D. Brewer, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025
Tel: 650-614-7400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:20-cv-01501-RGA-CJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

## DEFINITIONS AND INSTRUCTIONS

1. The terms "GOOGLE," "You," and "Your" refer to Google LLC and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

2. The term "eBuddy" and refers to eBuddy Technologies B.V. and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, including eBuddy Holding B.V., and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

3. The term "Asserted Patents" refers to U.S. Patent Nos. 8,230,135, 8,402,179, 8,510,395, and 9,584,453.

4. The term "Prior Art" means any reference, thing, conduct, or event—including but not limited to patents, printed publications, systems, software, prototypes, know-how, uses, sales, and offers for sale—dated or occurring before December 11, 2006 and that relate to: (1) aggregating, merging, or consolidating a user's contacts or "buddies" from across multiple instant messaging ("IM") accounts or services (or from across email accounts or services) for display to the user (the foregoing functionality referred to herein as "Contact List Aggregation"); or (2) providing notifications for events (e.g., any action or occurrence, such as the presence of a contact or buddy on a service, receiving a message, etc.) in a computer system in the title area of a display, such as the title bar of an application or the taskbar (the foregoing functionality referred to herein as "Event Notification").

5.     The term "Google Patent Opportunity Submission" means patent licensing offers by third parties to Google via Google's patent licensing program accessible at https://www.google.com/patents/licensing/,

https://www.google.com/patents/opportunitysubmission/, and any related websites.

6.     The term "document" has the broadest possible meaning under Federal Rule of Civil Procedure 34, and includes without limitation the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, or recorded in any other way, and whether or not claimed to be privileged or confidential or personal: letters; correspondence; memoranda; notes; reports; records; agreements; working papers; communications; summaries or records of personal conversations; calendars; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigations; opinions or reports of consultants; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; bulletins; material and manufacturing specifications; material packaging; manufacturing logs; equipment specifications and operating information; product packaging; designs; instructions; advertisements; literature; work assignments; memoranda of conversations; notes; notebooks; drafts; data sheets; worksheets; contracts; memoranda of agreements; assignments; licenses; minute books of account; orders; invoices; statements; bills; checks; vouchers; photographs; drawings; charts; catalogs; brochures; computer files; computer discs; articles; manuals; pamphlets; advertisements; circulars; press

2

releases; drafts of any documents; books; instruments; accounts; bills of sale; tapes; telegraphic communications and all other material of any tangible medium of expression; and original or preliminary notes.

7.      The term "thing" has the broadest possible meaning under Federal Rule of Civil Procedure 34.  This meaning encompasses any tangible object of any kind and nature other than a document, including without limitation prototypes, models, and physical specimens thereof.

8.      The term "communication" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including letters, memoranda, telegrams, telefaxes, telecopies, telexes, face-to-face meetings, telephone conversations, and telephonic notes.

9.      The term "entity" means any natural person, corporation, company, partnership, sole proprietorship, firm, board, joint venture, association, organization, trust, governmental body, agency, authority, commission, or any other juristic person, business unit, or collective organization, and any legal, governmental, organizational, or political subdivision thereof.

10.     The term "person" means any individual, group, or entity.  The acts of a person shall include the acts of its directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the person's behalf.

11.     The terms "relating to," "related to," or "relate to," when referring to any given subject matter, means without limitation any document or thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies,

states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

12. The term "including" shall mean "including without limitation" and "including but not limited to."

13. The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each interrogatory in which they are used.

14. The terms "any" and "all" shall be construed to mean "any and all."

15. The terms "each" and "every" shall be construed to mean "each and every."

16. Words not specifically defined herein should be given their plain and ordinary meaning.

17. The use of the singular form of any word includes the plural and vice versa.

18. All requests are to be understood as requesting information in the possession, custody, or control of GOOGLE.

19. Along with each document responsive to the requests below, produce any document which is or was appended to or enclosed with it, and if any other such document no longer exists, identify the document that was appended or enclosed.

20. If no documents exist that are responsive to a particular request, that fact must be stated in each of Your responses to such requests.

21. If any document requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the request that is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

4

    a.      the basis on which the privilege is claimed;

    b.      the names and positions of the author of the document and all other persons participating in the preparation of the document;

    c.      the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed and, if not apparent, the relationship of the persons to the author of the information;

    d.      the date of the document;

    e.      a description of any accompanying material transmitted with or attached to such document;

    f.      the number of pages in such document or information or length of communication;

    g.      the particular request to which such document is responsive; and

    h.      a description of the subject matter of the information, including whether any business or non-legal matter is contained or discussed in such information.

22.      In the event that any document called for by these requests or subsequent requests has been destroyed or discarded, that document is to be identified by stating:

    a.      the author(s), addressee(s) and any indicated or blind copy(s);

    b.      the document's date, number of pages and attachments or appendices;

    c.      the document's subject matter;

    d.      the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

    e.      the persons who were authorized to carry out such destruction or discard; and

    f.      whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

23.     Unless otherwise indicated in a particular request, the request is not date or time limited.

24.     No specific document request or requests should be construed to limit the scope of any other request, or of any term defined above, and no subpart of any request should be construed to limit the scope of any other subpart of such request.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify Prior Art or potential Prior Art to the Asserted Patents known by You, made known to You, or ever brought to Your attention.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify Prior Art or potential Prior Art to the Asserted Patents relating to Google Talk, Google Chat, or Gmail.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to describe the operation of Contact List Aggregation or Event Notification functionality in Google Talk, Google Chat, and Gmail as it existed prior to December 11, 2006.

**REQUEST FOR PRODUCTION NO. 4:**

Source code and executables for Google Talk and Google Chat from before December 11, 2006, relating to Contact List Aggregation or Event Notification.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show releases, sales, offers for sale, and distributions of Google Talk and Google Chat from before December 11, 2006.

**REQUEST FOR PRODUCTION NO. 6:**

Printed publications, patents, and patent applications relating to Google Talk and Google Chat from before December 11, 2006, concerning Contact List Aggregation or Event Notification technology.

**REQUEST FOR PRODUCTION NO. 7:**

All licenses and agreements relating to Contact List Aggregation or Event Notification technology from before July 2012.

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications sufficient to show any licenses, agreements, or attempts to license Contact List Aggregation or Event Notification technology, including but not limited to negotiations, discussions, and/or correspondence, regardless of whether or not a license or agreement was executed, from before July 2012.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning Your communications, if any, with eBuddy or the named inventors listed on the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning any Google Patent Opportunity Submissions received by You relating to any of the Asserted Patents.