IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EBUDDY TECHNOLOGIES B.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 20-1501 (RGA) (CJB) |
| ) | |
| LINKEDIN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LINKEDIN CORPORATION'S
NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)
TO PLAINTIFF EBUDDY TECHNOLOGIES B.V.**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant LinkedIn Corporation ("LinkedIn") will take the deposition of Plaintiff eBuddy Technologies B.V. ("eBuddy"). The deposition shall begin at a time and location that is mutually agreeable to the parties. The deposition will continue from day to day until completed.

The deposition will be recorded by stenographic and/or videographic means before a Notary Public or other officer authorized by law. Testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes permitted by the Federal Rules of Civil Procedure, including for use during summary judgment briefing or at trial.

eBuddy is obligated to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters set forth below. In addition, LinkedIn requests that eBuddy identify the individual(s) designated to testify on each topic no later than ten (10) business days before the deposition.

**DEFINITIONS AND INSTRUCTIONS**

1. "eBuddy," "you," and "your" shall each mean and refer to Plaintiff eBuddy Technologies B.V., including without limitation all of its predecessors, predecessors-in-interest, subsidiaries, parents, affiliates, and all past or present directors, officers, attorneys, agents, representatives, employees, and consultants.

2. "Asserted Patents" or "Patents-in-Suit" refer to: (i) U.S. Patent No. 8,510,395 ("the '395 Patent"); (ii) U.S. Patent No. 9,584,453 ("the '453 Patent"); (iii) U.S. Patent No. 8,230,135 ("the '135 Patent"); and U.S. Patent No. 8,402,179 ("the '179 Patent").

3. "Litigation" refers to the above-captioned lawsuit eBuddy filed asserting the Patents-in-Suit against LinkedIn (C.A. No. 20-1501 (D. Del.)).

4. "Defendant" or "LinkedIn" refers to LinkedIn Corporation.

5. "Accused Technologies" refers to technologies used in any products made, used, sold, or offered for sale by LinkedIn and which eBuddy claims or otherwise contends infringes any of the Patents-in-Suit, as referenced in eBuddy's First Amended Complaint (D.I. 44) and Disclosure of Accused Products, Asserted Patents and Damages Model pursuant to ¶ 7(a) of the Scheduling Order (D.I. 33), served on May 7, 2021, and any supplementations or amendments to the foregoing.

6. "Asserted Claims" refers to any claim of the Patents-in-Suit that eBuddy may allege or alleges is infringed by LinkedIn.

7. "Related Patents and Applications" shall mean and refer to: (a) any patents or patent applications which claim priority from the Patents-in-Suit, (b) any patents or patent applications that claim priority from any patent on which the Patents-in-Suit claim priority, (c) any patents or patent applications on which the Patents-in-Suit depend for priority, (d) any reissues,

reexaminations, *inter partes* reviews, post-grant reviews, or any post-issuance proceedings before the PTO of any of the aforementioned patents or patent applications, and (e) any foreign counterparts of any of the aforementioned patents or patent applications—regardless of whether or not all of the foregoing are issued, abandoned, or not issued.

8. "USPTO" and "PTO" shall mean the United States Patent and Trademark Office.

9. The term "prior art" is used in these Topics as that phrase is generally understood in proceedings before the USPTO. The term "prior art" also includes all information that was subject to a duty of disclosure to the USPTO with respect to one or more of the applications leading to the Patents-in-Suit and all information now known to you or to your attorneys that would have been subject to a duty of disclosure to the USPTO had that information been known to the named inventors or to you or to your attorneys during the prosecution of any application leading to the Patents-in-Suit. The term "prior art" also refers to, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102 and 103, including, without limitation, (1) publications, physical devices, prototypes, uses, sales, and offers for sale and any document or thing evidencing or refuting any of the foregoing and/or (2) any document or thing that any person has at any time suggested, stated, contended or refuted as invalidating (or possibly invalidating), anticipating (or possibly anticipating) or making obvious (or possibly making obvious), alone or in combination with other documents or things (or the skill or knowledge of a person of ordinary skill in the art), (a) any claim of the Patents-in-Suit, (b) any claim pending during the prosecution of any patent application(s) leading to the Patents-in-Suit, (c) any claim of any division, continuation, continuation-in-part, reissue or reexamination patent or patent application (whether or not issued) derived from the Patents-in-Suit, or (d) any claim of

any foreign patent or claim pending at any time during the prosecution of any foreign patent application either corresponding to (or relying on the priority filing of) the Patents-in-Suit or application(s) leading to the Patents-in-Suit.

10. "Person(s)" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the Person's behalf.

11. The terms "document" and "documents" are used in their broadest possible sense and refer, without limitation, to all written, electronically stored, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events. The terms "document" and "documents" shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a document shall be produced to the extent that the copies differ from the document produced due to notations, additions, insertions, comments, enclosures, attachments or markings of any kind. Further, the terms "document" and "documents" shall include, without limitation, those categories as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, specifically writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained and translated, if necessary, by eBuddy through detection devices into reasonably usable form. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof is a separate document.

12. "Communication(s)" means any contact, oral or written, including electronic, whereby information of any nature is transmitted or transferred, including without limitation, a person(s) seeing or hearing any information by any means and any document memorializing or referring to the contact.

13. "Date(s)" shall mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month. Identify each instance in which the given date is an approximate, and state your bases for making such approximation.

14. "Including" means without limitation.

15. "Entity" shall mean corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

16. "Thing" shall be given the broadest possible construction under the Federal Rules of Civil Procedure.

17. The singular form of a word should be interpreted as plural, and the plural form of a word shall be interpreted as singular, whenever appropriate, in order to bring within the scope of the Interrogatory any information that might otherwise be considered beyond its scope. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate.

18. The use of the present tense shall be construed to include the past tense, and vice versa, so as to make the interrogatory inclusive rather than exclusive.

19. "Any" and "all" shall be construed to mean "any and all."

20. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the interrogatory most inclusive.

21. "Concerning," "relate to," "related to," and "relating to" shall mean in whole or in part concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

22. "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, shall mean: (a) to state the date and place thereof; (b) to identify the individual participants; (c) to summarize separately for each individual participant what he said or did; and (d) to identify each document used or prepared in connection therewith or making any reference thereto.

23. The term "identify," when used with respect to any natural person, means that the following information shall be provided:  (a) the person's full name; (b) last known address (c) last known title or occupation; (d) last known employer; (e) business title and business address during the time period to which the interrogatory relates; and (f) the relationship, if any, between such person and Plaintiff and dates during which such relationship existed.

24. The term "identify," when used with respect to any entity (including without limitation a corporation, company, firm, partnership, joint venture, association, governmental body or agency or persons other than a natural person), shall mean that the following information shall be provided:  (a) the full legal name of the entity; (b) the place of incorporation or organization; (c) the principal place of business; and (d) the nature of the business conducted by that legal entity.

25. The term "identify," when used with respect to a document shall mean to provide information sufficient to locate that document, such as by providing the Bates label.  If the

document existed at one time but no longer exists, you shall provide the reason(s) why it no longer exists and the identity of the last person having custody of the document.

26. The term "identify," when used with reference to any communication, shall mean that the following information shall be provided: (a) a summary of the substance of the communication; (b) the date and place of the communication; (c) the identity of each person who was present at, involved in, connected with or participated in the communication; (d) the form of communication (e.g., telephone call, meeting, letter, etc.); and (e) the identity of each document memorializing or referring to the communication.

27. The term "identify," when used with reference to a product or other tangible thing that is not a document or communication shall mean that the following information shall be provided: (a) the product name(s), product number(s), version number(s), and revision number(s); (b) the trade name, including but not limited to other names or methods of identification associated with the product or the trade name of the item in which the product, device, or object of manufacture is incorporated; (c) the date and place of manufacture; and (d) the name of the manufacturer.

28. Where an instruction or Topic below names a corporation or other legal entity, the instruction or interrogatory includes within its scope any parent, predecessors in interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

## DEPOSITION TOPICS

1. All facts relating to any agreements, including but not limited to contracts, licenses, settlement agreements, purchase agreements, and/or assignments, concerning the Patents-in-Suit or Related Patents and Applications either independently or collectively.

2. All facts relating to any communication between you and any third party concerning an offer to license, request to license, license, offer to sell, request to purchase, sale, or any negotiations related thereto, related to any of the Patents-in-Suit or Related Patents and Applications.

3. All facts relating to any payment made to eBuddy or to any of eBuddy's predecessors-in-interest (and any accounting thereof) pursuant to any agreement, contract, license, settlement agreement, purchase agreement, or assignment concerning the Patents-in-Suit or Related Patents and Applications either independently or collectively.

4. All facts relating to the preparation, prosecution, reissue, reexamination, or *inter partes* review of any of the Patents-in-Suit or Related Patents and Applications before the PTO or any foreign patent office, including without limitation:

   a. all disclosures of the subject matter of any of the Patents-in-Suit or Related Patents and Applications prior to the issuance of the associated patent or publication of the associated application;

   b. all documents and things that provided the basis for, or were considered in connection with, the preparation, prosecution, reissue, reexamination, or *inter partes* review of any of the Patents-in-Suit or Related Patents and Applications;

   c. all drafts of any of the Patents-in-Suit or Related Patents and Applications;

   d. all communications between the named inventor(s) and patent attorney(s) or patent agent(s) relating to the subject matter, preparation, prosecution, reissue, reexamination, or *inter partes* review of any of the Patents-in-Suit or Related Patents and Applications; and

  e. all documents and things considered in connection with the preparation, prosecution, reissue, reexamination, or *inter partes* review of any of the Patents-in-Suit or Related Patents and Applications, including, but not limited to, patents, patent applications, publications, prior art, and all translations of prior art.

5. All facts related to the conception, reduction to practice, or any related diligence of the inventions claimed by any of the Patents-in-Suit or Related Patents and Applications including, but not limited to, inventors' notebooks, technical disclosures, invention disclosure statements, and documents and things that refer to or relate to the persons involved.

6. All facts relating to all past or present efforts by you or any other entity to commercialize the subject matter claimed in the Patents-in-Suit.

7. All facts relating to the development, design, functioning, source code, marketing, release, selling, offering for sale, publicizing, and/or promoting of any technology by eBuddy before 2007 that relates to the subject matter claimed by any of the Patents-in-Suit.

8. All facts relating to marking of any product with the Patents-in-Suit or communications related to such marking, including all agreements with any party related to the marking of any product with the Patents-in-Suit, as well as all documents and communications related to the enforcement of such agreements.

9. Any facts suggesting that LinkedIn had notice of any of the Patents-in-Suit prior to the filing of this Litigation.

10. All facts relating to when you first became aware of LinkedIn's alleged infringement of any of the Patents-in-Suit.

11. All facts relating to your decision to bring this Litigation.

12. All facts relating to the formation, funding, investment in, operation, control, ownership, and corporate and organizational structure of eBuddy.

13. All facts relating to communications between you and any third party concerning any investment or fund-raising activities concerning eBuddy or the Patents-in-Suit or Related Patents and Applications, including without limitation, all materials shown to, provided to, or received from potential or actual investors.

14. All facts relating to the ownership of, or financial interest in, the Patents-in-Suit or any intellectual property rights to any of the claimed inventions of the Patents-in-Suit.

15. All facts relating to any analysis or calculation of (a) the value (monetary or otherwise) of the Patents-in-Suit or Related Patents and Applications; (b) the reasonable royalty for infringement of the Patents-in-Suit or Related Patents and Applications; and (c) any other damages resulting from alleged infringement of the Patents-in-Suit or Related Patents and Applications, collectively or independently.

16. All facts relating to any market, industry and/or competitive analyses concerning any of the Patents-in-Suit, Related Patents and Applications, or Accused Technologies.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Rodger D. Smith II (#3778) |
| Christopher Kao | 1201 North Market Street |
| Brock S. Weber | P.O. Box 1347 |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | Wilmington, DE  19899 |
| Four Embarcadero Center, 22nd Floor | (302) 658-9200 |
| San Francisco, CA  94111-5998 | jblumenfeld@morrisnichols.com |
| (415) 983-1000 | rsmith@morrisnichols.com |

*Attorneys for Defendant*

May 20, 2022

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 20, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Steve Schlather, Esquire<br>John J. Edmonds, Esquire<br>EDMONDS & SCHLATHER PLLC<br>2501 Saltus Street<br>Houston, TX  77003<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

_____

Rodger D. Smith II (#3778)