IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EBUDDY TECHNOLOGIES B.V., | § § § | |
| Plaintiff, | § § | C.A. No. 20-1501-RGA-CJB |
| v. | § § | |
| LINKEDIN CORPORATION | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**JOINT MOTION TO STAY PENDING RECEIPT OF INSTITUTION DECISIONS AND TO AMEND THE SCHEDULING ORDER IN VIEW OF THE STAY**

Plaintiff, eBuddy Technologies B.V. ("eBuddy"), and Defendant, LinkedIn Corporation ("LinkedIn"), jointly file this motion to stay proceedings pending receipt of institution decisions for U.S. Patent Nos. 8,230,135 and 8,402,179 (the "'135 and '179 Patents," respectively) and further move to amend the Court's Scheduling Order (D.I. 33), including as set forth in Exhibit A, filed herewith. Good cause exists for the parties' motions, including as follows:

LinkedIn has filed petitions for *inter partes* review of all four patents-in-suit. On May 17, 2022, the Patent Trial & Appeal Board ("PTAB") issued institution decisions for two of the four patents-in-suit (*i.e.*, U.S. Patent Nos. 8,510,395 and 9,584,453) instituting *inter partes* review for these two patents.

The parties have not yet received institution decisions for the '135 and '179 Patents, but expect that the PTAB will issue institution or non-institution decisions for these patents in the next two months in mid- to late-July.

Consistent with the Court's current Scheduling Order (D.I. 33), significant deadlines fall within the next two months, including that discovery closes on July 7 and opening expert reports

1

are due July 29.  Additional discovery-related deadlines (*e.g.*, for depositions and discovery responses) are also due during this two-month period.  The parties expect to invest significant time and resources meeting these deadlines over the next two months.

Additionally, the Court is continuing to invest time and resources on preparing its claim construction order.  *See, e.g.*, D.I. 139.

In order to conserve resources of both the Court and the parties for this relatively brief period of time in which much would need to be done, eBuddy and LinkedIn jointly move the Court to stay all pending deadlines, including all pending deadlines for the parties' outstanding discovery responses, to and until the parties receive institution or non-institution decisions from the PTAB for the '135 and '179 Patents, at which time the parties will notify the Court of the results of those institution decisions.  *See also* D.I. 108 (ordering the parties to inform the court within five business days of the institution decisions on the '135 and '179 Patents).  Both parties respectfully reserve the right to request a continuance of the stay at that time, including as provided for in the Court's Order concerning LinkedIn's previous motion to stay pending *inter partes* review.  *See* D.I. 108.

In view of this requested stay pending institution decisions, the parties further request that the Court amend the scheduling order as set forth below (and in Exhibit A) to account for the time during which the case is stayed.  This amendment does not propose or require that the date for the pre-trial conference or the trail date be moved.

| | | |
|---|---|---|
| Deadline to Serve Privilege Logs (*see* D.I. 47, D.I. 140) | **May 31, 2022** | **August 9, 2022** |
| Defendant shall provide final invalidity contentions | **June 6, 2022** | **August 9, 2022** |
| Plaintiff must finally supplement, *inter alia*, the identification of all accused products | No later than forty-five (45) days after the Court enters a Claim Construction Order | No later than forty-five (45) days after the Court enters a Claim Construction Order |

2

| | | |
|---|---|---|
| Defendant must finally supplement the identification of all invalidity references | No later than forty-five (45) days after the Court enters a Claim Construction Order | No later than forty-five (45) days after the Court enters a Claim Construction Order |
| All discovery in this case shall be initiated so that it will be completed on or before | **July 7, 2022** | **September 16, 2022** |
| For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due | **July 29, 2022** | **October 7, 2022** |
| The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due | **September 29, 2022** | **November 18, 2022** |
| Reply expert reports from the party with the initial burden of proof are due | **October 14, 2022** | **December 16, 2022** |
| All expert discovery shall be completed on or before | **November 18, 2022** | **January 20, 2022** |
| All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed | **December 1, 2022** | **February 3, 2022** |
| The Court will hold a pretrial conference | **June 5, 2023** | **June 5, 2023 (unchanged)** |
| This matter is scheduled for a seven (7)-day trial | **June 12, 2023** | **June 12, 2023 (unchanged)** |
| The parties shall jointly submit a form of order to enter judgment on the verdict | Within seven (7) days after a jury returns a verdict | Within seven (7) days after a jury returns a verdict |

With regard to the deadlines to respond to outstanding written discovery, the parties stipulate that such deadlines shall be extended until two weeks after the parties receive the institution or non-institution decisions for the '135 and '179 Patents. The parties further stipulate that no depositions (whether of the parties, party witnesses or third parties) will be scheduled or go forward prior to the end of this agreed stay and that they will meet and confer regarding dates for presently noticed depositions promptly after receipt of the PTAB's institution or non-institution decisions.

3

| | |
|---|---|
| Dated: May 26, 2022 | Respectfully submitted, |
| FARNAN LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Michael J. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiff eBuddy Technologies, B.V.* | /s/ Rodger D. Smith II<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br><br>*Attorneys for Defendant LinkedIn Corporation* |