IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EBUDDY TECHNOLOGIES B.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1501 (RGA) (CJB) |
| | ) |
| LINKEDIN CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LINKEDIN CORPORATION'S SUPPLEMENTAL**
**<u>CLAIM CONSTRUCTION BRIEF</u>**

Pursuant to the Court's Oral Order of November 29, 2023 (D.I. 164), Defendant LinkedIn Corporation respectfully submits this supplemental brief in support if its claim construction positions in the Joint Claim Construction Chart (D.I. 70) and its briefing (D.I. 96 and 97) relating to the two remaining patents-in-suit: U.S. Patent Nos. 8,230,135 (the "'135 Patent") and 8,402,179 (the "'179 Patent"). Specifically, LinkedIn addresses statements, arguments, and evidence involved in the *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office concerning the '135 and '179 Patents that might further inform the Court's claim constructions.

**<u>"Event" ('135 Patent, Claims 1-10; '179 Patent, Claims 1-10)</u>**

| eBuddy Construction | LinkedIn Construction |
|---|---|
| A detectable condition of a system that can trigger a notification; alternatively, an action or occurrence detected by a program to which the program is configured to respond by issuing a notification corresponding to the action or occurrence | Plain and ordinary meaning, which is "an action or occurrence to which a program might respond" |

The bare claim term, "event," should carry its plain and ordinary meaning, "an action or occurrence"—*i.e.*, <u>something</u> happened—that might cause a response in a system or

program, as set forth in LinkedIn's briefing (D.I. 96, Joint Claim Construction Brief, at 4-6, 9-10) and during the claim construction hearing on March 16, 2022 (*see, e.g.*, Ex. A, Hearing Tr., at 34:1-36:2). There is admittedly no evidence of lexicography or disavowal of claim scope, which would be needed to justify a deviation from the plain and ordinary meaning of the word "event." (*Id.*) And eBuddy concedes that the defining nouns of LinkedIn's construction accurately reflect the plain meaning, as eBuddy's alternative construction also defines an "event" as an "action or occurrence."

At the hearing, therefore, the parties primarily narrowed their dispute to whether the claimed "event" must be an action or occurrence that <u>must</u> trigger a notification (eBuddy's position),[1] as opposed to any action or occurrence in the world, to which a program or system might respond in some way, such as sending a notification (LinkedIn's position). As explained in LinkedIn's briefing and during the hearing, there is no reason for the Court to construe the word "event" in the very limited and narrow way that eBuddy proposes, as it deviates from the common understanding of the word, and subsequent claim limitations recite what happens after an event occurs. (D.I. 96 at 4-6, 9-10; *see, e.g.*, Ex. A at 34:1-36:2.)

Statements made during the IPR proceedings concerning the '135 and '179 Patents further confirm that LinkedIn's construction should be adopted and that eBuddy's position is incorrect. During the IPR, eBuddy only proposed its first construction from this case set forth above—*i.e.*, "a detectable condition of a system that can trigger a notification." Although the PTAB did not ultimately construe any claim terms in its final written decisions on the '135 and '179 Patents, it did indicate that eBuddy's construction for the term "event" appeared incorrect.

---

[1] The Court asked counsel for eBuddy: "Can events trigger responses in a system other than generating notifications?" eBuddy's counsel responded, "*No*. An event is defined as something to which you can trigger a notification from that." (Ex. A at 32:2-9 (emphasis added).)

Specifically, the PTAB stated that it "was uncertain that [eBuddy's] construction is the correct construction" in light of the broad way in which the patents describe an "event":

> On the current record, however, we are uncertain that Patent Owner's construction is the correct construction. *See id*. For example, the '135 patent explains that the method processes "an event, such as *by way of example but not limitation*, a new mail event, a new instant message event, a reminder event, a calendar event, or *some other event*, and generating a string of characters that includes information associated with the event." ['135 Patent], 1:67–2:5 (emphasis added). This sentence broadly covers "some other event." *Id*. Also, the '135 patent states that the events used in the embodiments are merely examples. *Id*.; *see also id*. at 12:26–28 ("As used herein, the term 'embodiment' means an embodiment that serves to illustrate by way of example but not limitation.").

(Ex. B, Institution Decision on the '135 Patent, at 14-15; *see also* Ex. C, Institution Decision on the '179 Patent, at 14 (same).)

This is further evidence that LinkedIn's construction should be adopted and that eBuddy's attempt to unduly narrow the meaning of the word "event" should be rejected. *See, e.g., British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *8 (D. Del. Sep. 27, 2019) (finding that "even if the PTAB does not invalidate any of the claims in the pending IPR proceeding, the Court will benefit from the PTAB's guidance on the construction of certain claim terms" and that "the IPR proceeding may produce additional prosecution history that could assist the Court in addressing the issues of claim construction").

3

|  |  |
|---|---|
| OF COUNSEL:<br><br>Christopher Kao<br>Brock S. Weber<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA  94111<br>(415) 983-1000<br><br>December 19, 2023 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith II*<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br><br>*Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 19, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Steve Schlather, Esquire<br>John J. Edmonds, Esquire<br>EDMONDS & SCHLATHER PLLC<br>2501 Saltus Street<br>Houston, TX  77003<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

_____
Rodger D. Smith II (#3778)