IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EBUDDY TECHNOLOGIES B.V., | § § | |
| Plaintiff, | § § | |
| | § | C.A. No. 20-cv-1501-RGA-CJB |
| v. | § § | |
| LINKEDIN CORPORATION | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**EBUDDY'S RESPONSE TO LINKEDIN'S SUPPLEMENTAL
CLAIM CONSTRUCTION BRIEF**

Dated: January 9, 2024

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Stephen F. Schlather (admitted *pro hac vice*)
John J. Edmonds (admitted *pro hac vice*)
Edmonds & Schlather PLLC
2501 Saltus Street
Houston, Texas 77003
Phone: (713) 364-2371
sschlather@ip-lit.com
jedmonds@ip-lit.com

*Attorneys for Plaintiff*

Pursuant to the Court's Order of November 29, 2023 (D.I. 164), Plaintiff eBuddy Technologies B.V. ("eBuddy") submits its response to LinkedIn Corporation's ("LinkedIn") supplemental claim construction brief (D.I. 165) as follows:

I. **LinkedIn's Brief Omits to Mention the Most Salient Issue – The PTAB's Final Written Decision Supports eBuddy's Construction of "Event"**

In the context of the event-based systems and methods claimed in the '135 and '179 Patents, an event is a detectable condition of a system that can trigger a notification." *See, e.g.*, Jt. Claim Construction Brief (D.I. 96) at 1-4. At the outset, contrary to LinkedIn's assertions in its brief, eBuddy's proposed construction requires that an event be a detectable condition of a system that "can" trigger a response – not, as LinkedIn incorrectly characterized it, a detectable condition that "<u>must</u> trigger a notification." D.I. 165 at 2 (emphasis in original).[1]

In its Final Written Decision ("FWD"),[2] the PTAB noted that "can" does not mean "must," writing that, "[w]ith regard to Patent Owner's proposal … the receipt of information is a condition detected by the computer, any condition detected by the computer can potentially trigger a notification, and that even under Patent Owner's proposal, actual notification is not required." Ex. 1 at 14.

Originally in the IPR proceedings, LinkedIn's proposed construction for "event" was the same as its original position in this case – an "action or occurrence to which a program might respond." *See* Ex. 1 at 14. Importantly, the PTAB found that "[w]ith regard to Petitioner's proposal, we note

---

[1] LinkedIn originally misconstrued eBuddy's position in its Markman briefing. The Court noted this issue during the Markman hearing. Transcript at Ex. A to LinkedIn's Brief, 20:13-21:17. It is unclear why LinkedIn has used its brief as a vehicle to once again misconstrue eBuddy's position.

[2] eBuddy cites to the PTAB's Final Written Decision for the '179 Patent (Ex. 1); however, as the Court is aware the '179 Patent is a continuation of the '135 Patent, they share a common specification, and both include the term "event" in the claims. Therefore, statements made by the PTAB for the term "event" in the '179 Final Written Decision are equally applicable to the '135 Patent.

that a computer program cannot respond to something it is not aware of and therefore *it is implicit that Petitioner's proposal requires a condition detectable by the computer.*" Ex. 1 at 14-15 (emphasis added). Thus, contrary to LinkedIn's position in its supplemental brief (D.I. 165) that an event may be "any action or occurrence in the world" (D.I. 165 at 2), although the PTAB did not expressly construe "event," in rendering its FWD the PTAB agreed with eBuddy that an event is a detectable condition of the computer (*i.e.*, "requires a condition detectable by the computer."). Ex. 1 at 14-15.

It should also be noted that LinkedIn conceded this point as well. In its FWD, the PTAB quoted LinkedIn's counsel's concession:

> But I believe that there would not be a meaningful difference between the parties' construction as you've pointed out based on the fact that the prior art discloses this and that they're all computerized events. It's not just some action on the moon that no system can receive.

Ex. 1 at 15; Ex. 2 at 22:1-4.

The PTAB determined that an event must be a detectable condition of a system, and it also found this to be implied in LinkedIn's construction (or LinkedIn's construction would not have made any sense), so the PTAB ultimately concluded that "[w]e do not see any meaningful difference" between the two side's positions. Ex. 1 at 14.

Because eBuddy's position is the correct construction, and the PTAB's FWD provides useful "guidance" as to its correctness (*See British Telecomms. PLC v. IAC/InterActiveCorp,* C.A. No. 18-366-WCB, 2019 WL 4740156, at *8 (D. Del. Sep. 27, 2019)), this Court should adopt eBuddy's proposed construction of "event" – which makes clear that an event is a detectable condition of a system and not an action or occurrence in the world, as LinkedIn suggests.

## II. LinkedIn's Brief is Incorrect

Rather than addressing the PTAB's final determinations with regard to "event," LinkedIn's

supplemental brief (a) advances a position that LinkedIn abandoned during this Court's claim construction hearing and (b) points to the PTAB's *institution decisions* rather than citing the PTAB's Final Written Decisions. However, the PTAB's institution decisions are "only preliminary," *see UUSI, LLC v. United States*, 131 Fed. Cl. 244, 265 (2017), and acknowledge they are "preliminary determinations" based upon a "preliminary record" at the earliest stage of that proceeding. *See, e.g.,* LinkedIn Ex. B, pp. 9, 13-14, 16-17, 21-23, 25-27, 28, 41, 43 & 44.

Rather than standing by its statements to this Court and to the PTAB, LinkedIn now attempts to whitewash history and argues that the Court should adopt its previously abandoned construction for event that is completely divorced from the positions it took at the Court's claim construction hearing and at oral argument before the PTAB. For example, at the Court's claim construction hearing, LinkedIn conceded that eBuddy's proposed construction "is closer to the ordinary meaning of the bare term event", including:

```
23            THE COURT:  Tell me -- Mr. Weber, tell me this:
24      If as long as "can" means "can" not "must," and if their
25      construction had said:  A detectible condition of a system
                                                              23
 1      that can trigger a response, including a notification --
 2      like a notification is one type of response that an event
 3      can trigger, but there might be other types of responses --
 4      it sounds like that might be acceptable to you.
 5            MR. WEBER:  Yeah, I think that would be.
```

Ex. 2 at 22:23 – 23:5.

Similarly, during oral argument before the PTAB, LinkedIn once again conceded that:

```
 3      JUDGE LEE: Yes, action or occurrence to which a computer
 4   may respond to, but I don't think you really mean something that happens on
 5   the moon, the computer has no way of knowing it, that's an event. I mean
 6   it's implicit in your definition the computer has got to know about it. If
 7   there's no communication the computer is unaware of whatever is
 8   happening, then you can't respond to it. So because your definition says to
 9   which the computer may respond, it implies that the computer is receiving
10   information about that event. Am I right?
11      MR. WEBER: You're correct. And I don't believe -- so an
12   event is -- in this context is something that is received obviously at some
13   point by a computer system.
```

Ex. 2 at 20:3-13. LinkedIn further clarified that an event must be a detectable condition of a system (and not simply "an action or occurrence in the world"), including as follows:

```
 7      JUDGE LEE: And exactly. A stock price is there. Unless the
 8   computer knows about it you wouldn't even say that stock price is an event,
 9   right, because in your scenario the computer has to receive it. Then it
10   becomes an event.
11      MR. WEBER: Correct. And in Kim it's showing a stock price
12   change just as in -- as we've shown the patent from their own expert in this
13   space that he pointed out in which a value of a stock price is the event. The
14   notification includes the stock price.
```

Ex. 2 at 22:7-11.

In its supplemental brief, LinkedIn claims that "[s]tatements made during the IPR proceedings concerning the '135 and '179 Patents further confirm that LinkedIn's construction should be adopted and that eBuddy's position is incorrect." D.I. 165 at 2. Notably, LinkedIn provides no support, explanation or citation to any such "statements." This is because, including as set forth above, the PTAB agreed with eBuddy's position that an event "requires a condition detectable by a computer." Ex. 1 at 15.

LinkedIn also cites to the PTAB's *institution* decisions arguing that the PTAB "was uncertain that [eBuddy's] construction is the correct construction." D.I. 165 at 2-3. As noted above, these

were preliminary determinations at an early stage based upon an incomplete record. More importantly, the PTAB made no mention of any such "uncertainty" in its Final Written Decisions (which LinkedIn failed to cite or include with its brief). Regardless of the PTAB's initial "uncertainty" in its preliminary institution decisions, in its Final Written Decision, it was unequivocal that an event is not any action or occurrence in the world, but rather "requires a condition detectable by the computer." Ex. 1 at 15.

LinkedIn now argues that "eBuddy's attempt to unduly narrow the meaning of the word 'event' should be rejected." D.I. 165 at 3. However, the PTAB agrees, and LinkedIn previously agreed, with eBuddy's proposed construction. During oral argument before the PTAB, LinkedIn unequivocally stated that "there would not be a meaningful difference between the parties' construction … based on the fact that they're all computerized events." Ex. 1 at 15; Ex. 2 at 22:1-6. Similarly, at the Court's claim construction hearing, LinkedIn made clear that eBuddy's "primary construction 'a detectible [sic] condition of a system that can trigger a notification' is closer to the ordinary meaning of the bare term event." LinkedIn Ex. A at 22:3-6.

LinkedIn claims that "the PTAB did not ultimately construe any claim terms in its final written decisions on the '135 and '179 Patents." D.I. 165 at 2. This too is incorrect. The PTAB determined that "'alternative title,' where a first title is already provided, as in claim 1, must be in lieu of or in place of the preexisting title." Ex. 1 at 13. This is consistent with eBuddy's proposed construction of alternative title" (*i.e.*, "text that replaces a title in the titlebar or taskbar").

### III. Conclusion

For the foregoing reasons, the Court should adopt eBuddy's proposed construction for "event" – "a detectable condition of a system that can trigger a notification." Additionally, the Court should adopt eBuddy's proposed construction for alternative title – "text that replaces a title in the titlebar or taskbar" – which is consistent with the PTAB's determination regarding alternative title.

5

Dated: January 9, 2024                    Respectfully submitted,

                                          FARNAN LLP

                                          /s/ Michael J. Farnan
                                          Brian E. Farnan (Bar No. 4089)
                                          Michael J. Farnan (Bar No. 5165)
                                          919 Market St., 12th Floor
                                          Wilmington, DE 19801
                                          Telephone: (302) 777-0300
                                          Fax: (302) 777-0301
                                          bfarnan@farnanlaw.com
                                          mfarnan@farnanlaw.com


                                          Stephen F. Schlather (admitted *pro hac vice*)
                                          John J. Edmonds (admitted *pro hac vice*)
                                          Edmonds & Schlather PLLC
                                          2501 Saltus Street
                                          Houston, Texas 77003
                                          Phone: (713) 364-2371
                                          Fax: (713) 224-6651
                                          sschlather@ip-lit.com
                                          jedmonds@ip-lit.com

                                          *Attorneys for Plaintiff*