IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EBUDDY TECHNOLOGIES B.V., § | |
| § | |
| Plaintiff, § | |
| § | C.A. No. 20-1501-CJB |
| v. § | |
| § | |
| LINKEDIN CORPORATION § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § | |

**JOINT NOTICE OF THE PARTIES' AVAILABILITY FOR TRIAL
AND
MOTION TO AMEND THE SCHEDULING ORDER**

Pursuant to the Court's Order during the December 2, 2024 hearing, the parties provide their availability for trial of this matter as follows:

The Parties are available for trial during the weeks of January 19, 2026 through February 23, 2026 and also during the weeks of March 16 and 23, 2026.

The parties further request that the Court amend the Scheduling Order in the case. Each party submits herewith its proposed modifications to the Scheduling Order as Exhibit A (for Plaintiff eBuddy) and Exhibit B (for Defendant LinkedIn). The two proposals are aligned except with respect to whether eBuddy should be required to move for leave to amend or supplement its infringement contentions to address the October 23, 2024 modifications by LinkedIn to its accused system.

The parties set forth their positions regarding that one contested issue, as follows:

**PLAINTIFF'S POSITION**

The genesis of the present matter is that LinkedIn modified its accused system on October 23, 2024 and days before its responsive expert reports in an unsuccessful effort to avoid infringement. eBuddy reviewed available information about the revised system and determined

that it also infringes the patents-in-suit due to functionality that took the place of what LinkedIn removed.  eBuddy respectfully requests that the Court amend its Scheduling Order consistent with eBuddy's proposal at Exhibit A.  While the parties have largely agreed on various deadlines, the issue in dispute is LinkedIn's attempt to require eBuddy to seek leave to amend its infringement contentions based on changes made *by LinkedIn* to its system long after the deadline for Final Contentions and *after eBuddy's opening expert report* on infringement.

The parties agreed during the Court's 12/2/24 hearing to modify remaining expert deadlines and reopen discovery to allow eBuddy to obtain discovery related to LinkedIn's modified system, including reviewing the source code, propounding a limited number of additional requests for production and taking a corporate representative deposition limited to the operation of LinkedIn's current system and the decision-making process for the modification.  Typically, eBuddy would be free to amend its infringement contentions during fact discovery and prior to the deadline for serving Final Infringement Contentions.  However, LinkedIn changed its system after fact discovery had closed and on the eve of its responsive expert reports.  Because this substituted infringing functionality was not available until late October (after the deadline for final contentions and opening expert reports), eBuddy could not have identified or accused this functionality earlier.

LinkedIn was well aware prior to the Court's December 2 hearing that that eBuddy claimed its revised system infringes, as was noted during the hearing.  If LinkedIn believed that eBuddy was required to amend its infringement contentions, it should have raised that issue at the hearing.  As the parties discussed prior to the hearing and as stated on the record, the parties had discussions about "taking some additional discovery … and then supplementing expert reports."  12/2/24 Hrg. Tr. at 58:10-23; 59:22-60:5.  Yet, after the December 2 hearing, LinkedIn's proposed schedule now demands that eBuddy seek leave to amend its infringement contentions before, and as a pre-

2

requisite to, supplementing its expert reports to address LinkedIn's new system. Notably, LinkedIn did not raise this issue prior to or during the hearing.

At minimum, requiring eBuddy to supplement infringement contentions and to show good cause for doing so at this late stage and based on LinkedIn's belated unilateral actions, serves no purpose. LinkedIn will receive eBuddy's supplemented expert reports addressing the infringement of LinkedIn's recently modified system in relatively short order under the parties' agreed deadlines. LinkedIn's only purpose in requiring eBuddy to seek leave to amend its infringement contentions is so that LinkedIn can oppose eBuddy accusing LinkedIn's newly modified system of infringement. In essence, LinkedIn seeks to give itself a pass to infringe eBuddy's patents by modifying its accused system so late in the case.

To the extent that the Court is inclined to require eBuddy to supplement its infringement contentions, and including at least because the parties have already agreed to re-open discovery, eBuddy should also be permitted to supplement its infringement contentions to accused LinkedIn's recently modified system without the need for filing a motion to show any good cause (which would axiomatically exist because LinkedIn did not modify its system until October 23, 2024, which was after the close of fact discovery and after opening expert reports). Additionally, LinkedIn's proposal is unworkable because the Court would not have time to rule on any motion for leave prior to the deadline for supplementing expert reports to address LinkedIn's modified infringing system.

**DEFENDANT'S POSITION**

Relying upon Plaintiff's infringement contentions and opening expert report on infringement, Defendant LinkedIn Corporation removed the allegedly infringing flashing-

3

browser-tab feature from its accused desktop website, www.linkedin.com, on or around October 23, 2024. LinkedIn did this by removing code from its code base, which did not involve the addition of any features that did not exist before. Upon request by Plaintiff, LinkedIn agreed to provide limited discovery into the feature removal, including a file showing the changes to the code base, review of the source code on the secure computer, information on how the accused website currently functions, and the non-privileged reasons behind the feature removal. LinkedIn also discussed the possibility of supplementing expert reports regarding the feature removal and the lack of any ongoing infringement, even under Plaintiff's theory of the case.

However, LinkedIn never agreed that eBuddy would automatically be permitted to concoct a new theory under which the accused website is still infringing even though the accused product/feature was removed from the market. Plaintiff first indicated an intention to inject such a theory into this case on the day before Thanksgiving, November 27, 2024. LinkedIn responded on December 11, 2024 that Plaintiff would need to move for leave to amend or supplement its infringement contentions to add such a theory, if Plaintiff contended that good cause supported such a request. This specific issue did not arise during the hearing on December 2, 2024. Instead, the Court ordered the parties to further confer on a proposed schedule for the case.

Nevertheless, after conducting the limited discovery into the "redesigned" accused website, the parties would meet and confer in good faith to determine whether LinkedIn would oppose Plaintiff's motion for leave. LinkedIn contends that this procedure is required at this point, after the close of fact discovery, and this is reflected in LinkedIn's proposed schedule attached as Exhibit B, in which there is a deadline for Plaintiff to move for leave to amend or supplement its infringement contentions after the agreed-upon limited discovery and meet-and-confer process.

4

| | |
|---|---|
| Dated: December 19, 2024 | Respectfully submitted, |
| FARNAN LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Michael J. Farnan <br> Brian E. Farnan (Bar No. 4089) <br> Michael J. Farnan (Bar No. 5165) <br> 919 North Market Street, 12th Floor <br> Wilmington, DE 19801 <br> (302) 777-0300 <br> bfarnan@farnanlaw.com <br> mfarnan@farnanlaw.com | /s/ Rodger D. Smith II <br> Jack B. Blumenfeld (#1014) <br> Rodger D. Smith II (#3778) <br> P.O. Box 1347 <br> Wilmington, DE 19899 <br> (302) 658-9200 <br> jblumenfeld@mnat.com <br> rsmith@mnat.com |
| *Attorneys for Plaintiff eBuddy Technologies, B.V.* | *Attorneys for Defendant LinkedIn Corporation* |